IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI YARKIN,<br><br>        Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION,<br><br>        Defendant.<br>_____/ | No. C 07-01969 CRB<br><br>**ORDER TO SHOW CAUSE** |

      Plaintiff filed this state law complaint in state court and defendant removed on the basis of diversity jurisdiction. The complaint does not make a dollar amount demand. In its Notice of Removal, defendant states that the amount in controversy is satisfied because (1) plaintiff contends her damages are continuing, and (2) in addition to her unspecified general damages, she seeks attorney's fees and punitive damages.

      In Valdez v. Allstate Ins. Co., 372 F.3d 1115 (9th Cir. 2004), the plaintiff filed a state law claim for breach of the duty of good faith and fair dealing in state court. The complaint sought general damages in excess of $50,000, punitive damages, attorney's fees and costs. The defendant removed the plaintiff's state law complaint for breach of the duty of good faith and fair dealing on diversity jurisdiction grounds. The Notice of Removal alleged "on information and belief" that the amount in controversy was satisfied because the plaintiff sought damages, attorney's fees, punitive damages and costs. The plaintiff did not move to

United States District Court
For the Northern District of California

1  remand, so the district court never addressed whether the amount in controversy was
2  satisfied. The district court subsequently granted the defendant's motion for summary
3  judgment and the plaintiff appealed.

4  The Ninth Circuit held that it was obligated to sua sponte consider whether the amount
5  in controversy requirement was satisfied at the time of removal. The court concluded that
6  since it was not evident from the face of the complaint that the amount in controversy was
7  met, the defendant should have proven by a preponderance of the evidence that the amount in
8  controversy was satisfied. Id. at 1117. The defendant's assertion that the jurisdictional
9  amount was met based on the demand for damages, fees, punitive damages and costs was not
10 sufficient. "To discharge its burden, [the defendant] needed to provide evidence establishing
11 that it is more likely than not that the amount in controversy exceeds that amount." Id.
12 (internal quotation marks and citation omitted). Accordingly, the court remanded the case to
13 the district court to determine if the defendant could prove that the amount in controversy
14 was met and directed the district court to vacate its summary judgment ruling and remand the
15 action to state court if, after considering the evidence, the court had doubts as to whether the
16 jurisdictional requirement was satisfied. Id. at 1118.

17 The Notice of Removal in this case is materially indistinguishable from that in Valdez.
18 While defendant asserts that it is "more likely than not" that the amount in controversy is
19 met, rather than "upon information and belief," saying it is so does not make it so. Defendant
20 relies on exactly the same type of allegations as did the defendant in Valdez; namely, that
21 plaintiff seeks damages, attorney's fees, punitive damages and costs. Under Valdez, such
22 allegations are insufficient to prove that this Court has federal jurisdiction. Indeed, if
23 defendant's conclusory allegations were sufficient to meet its removal burden, the amount in
24 controversy would be met in every state court lawsuit with a claim under the California Fair
25 Employment and Housing Act.

26 Accordingly, before this case proceeds any further the Court is obligated to ensure that
27 defendant can prove by a preponderance of evidence that the amount in controversy exceeds
28 $75,000.00. The need to prove jurisdiction is especially critical given that plaintiff was a part

2

time employee earning $11.99 an hour and the record reflects that she was out of work for only a brief period.  Defendant shall submit its evidence in support of jurisdiction on or before March 21, 2008.  The hearing on defendant's motion for summary judgment is continued to March 28, 2008.

**IT IS SO ORDERED.**

Dated: March 17, 2008



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\1969\ordertoshowcause.wpd              3