IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRI YARKIN,

        Plaintiff,

  v.

STARBUCKS CORPORATION,

        Defendant.

No. C-07-01969 CRB (EDL)

**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

At the June 11, 2008 settlement conference in this case, a basic settlement agreement was put on the record. Subsequently, the parties were unable to reduce their agreement to writing. On July 3, 2008, the Court held another settlement conference during which the parties reached a written agreement. The parties agreed on the record that the written agreement was the final agreement between the parties, subject to two orally stated provisions agreed to on the record  Unfortunately, the parties have a dispute over this settlement, which dispute boils down to whether the provision requiring Plaintiff's counsel to indemnify Starbucks is part of the settlement agreement.

On September 16, 2008, Plaintiff filed a motion to enforce settlement, seeking an order enforcing the June 11, 2008 settlement, which obligated Defendant to pay Plaintiff a sum certain in exchange for a release of liability from Plaintiff, and seeking interest on the settlement amount. Defendant argues that the June 11, 2008 settlement was not final, and should not be enforced because it was not reduced to writing. Defendant instead argues that the written settlement reached on July 3, 2008 is the operative agreement. The Court determined that this matter was appropriate

1  for decision without oral argument and therefore vacated the November 18, 2008 hearing.

2      "It is well settled that a district court has the equitable power to enforce summarily an
3  agreement to settle a case pending before it." <u>Callie v. Near</u>, 829 F.2d 888, 890 (9th Cir.1987).  In
4  order to be enforced, the settlement agreement must meet two requirements.  First, it must be a
5  completed agreement. <u>Callie</u>, 829 F.2d at 890 (citing <u>Ozvagcilar v. Davis</u>, 701 F.2d. 306, 308 (4th
6  Cir.1983)). Second, both parties must have either agreed to the terms of the settlement or authorized
7  their respective counsel to settle the dispute. <u>Harrop v. Western Airlines, Inc.</u>, 550 F.2d 1143,
8  1144-45 (9th Cir.1977).  Summary enforcement is appropriate unless there is a dispute as to the
9  existence or terms of the settlement agreement. <u>Adams v. Johns-Manville Corp.</u>, 876 F.2d 702, 708
10 (9th Cir. 1989); <u>see also</u> <u>Doi v. Halekulani Corp.</u>, 276 F.3d 1131 (9th Cir. 2002) (holding that the
11 trial court did not err in enforcing a settlement agreement where the parties reached a settlement and
12 put the terms on the record in open court and the plaintiff subsequently refused to sign the written
13 settlement agreement where the terms were in accord with the agreement made in court).

14     Here, a completed agreement was reached during the July 3, 2008 settlement conference.  At
15 that conference, specific terms of the agreement were discussed on the record and the parties agreed
16 to the rest of the terms in the written agreement:

17     The Court: With that, do you agree to all the terms in the written settlement agreement, which we are going to attach subject to that, those two proceedings` we
18     just put on the record orally?  Does that correctly state the terms of the settlement?
    Mr. Ongaro: Yes, it does, your Honor.
19     Mr. Andelin: Yes.  I just want to make sure there haven't been any additional provisions added.
20     (Brief pause)
    Ms. Andelin:  Yes, your Honor.

21

22 Koo Decl. Ex. 5 (July 3, 2008 Tr.) at 4-5.  Plaintiff also agreed to the agreement on the record. <u>See</u>
23 <u>id.</u> at 3-4.  The attorney indemnification provision was part of the written agreement that the parties
24 approved on July 3, 2008.

25     Accordingly, the Court recommends denying Plaintiff's motion to enforce the June 11,
26 2008 settlement agreement.  The Court recommends enforcing the written settlement as modified by
27 the terms that were put on the record and that all parties agreed to at the July 3, 2008 settlement
28 conference.  <u>See</u> Koo Decl. Ex. 5, 6.

    Any party may serve and file specific written objections to this recommendation within ten

**United States District Court**
For the Northern District of California

(10) business days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: November 17, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3